Mark M. Sharf
Subchapter V Trustee
6080 Center Drive, 6th Floor
Los Angeles, CA 90045
Telephone: (323)612-0202
Email: mark@sharflaw.com

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>BIJOU-CENTURY, LLC<br><br>Debtor(s). | Case Number: 22-30126 HLB<br><br>Chapter 11<br><br>**OBJECTION TO SHORT-TERM CASH BORROWING MOTION AND BACKSTOP BORROWING MOTION**<br><br>Date: March 16, 2022<br>Time: 2:00 p.m.<br>Ctrm: Via Zoom |

Mark M. Sharf, Subchapter V Trustee, hereby objects to the Debtor's Short-Term Cash Borrowing Motion (Docket 7) and the Backstop Financing Motion (Docket 8) in this very new case on the following bases:

1. There is no admissible evidence that the borrowings are needed. Bankruptcy schedules have not yet been filed, and the First Day Declaration (Doc 14) fails to disclose:

   a. What the balance is in the debtor's bank accounts. To the extent the Debtor has funds in its possession it has no need to borrow.

   b. What percentage of nightly "sales" is in the form of cash (whether withdrawn

from onsite ATMs or brought to the premises by customers)? No indication is given in the First Day Declaration, except for the amorphous statement that credit card revenues are 'Significant.' Docket 14, pgph 27. If credit card sales are less than 70% of revenues (and cash sales at least 30% of revenues) then no 'cash' need be 'borrowed' at all. As noted by the Debtor's principal, dancers receive a 30 percent commission of revenues received. Docket 14, page 8, line 3. If at least 30 percent of the payments made to the Debtor for such dances are in the form of cash, then that cash is available that same evening from funds collected that same evening. Without this basic information there is no logical basis upon which to rule that the Debtor in fact needs to borrow 'cash' at all.

c. The pleadings in this case do not disclose the precise identity of "The Gold Club" from whom the Short Term Cash Borrowings are to emanate. While Mr. St James' declaration discloses that it is "The Gold Club, LLC", a simple search on the California Secretary of State's website shows that this is a suspended entity which was created to act as an agent for professional golfers. See Exhibit A. While the Debtor admits that The Gold Club is an "affiliate" (Doc 7, p. 2, line 13), no detail is given as to the relationship, nor who precisely 'The Gold Club' is. This is significant since 'The Gold Club' provides this service for free. Doc 14, p. 8, lines 13-14. Is The Gold Club subject to exposure as the recipient of preferential transfers in the 12 months pre-bankruptcy (given the apparent frequency of loans and repayments)? Before giving super-priority to an unknown and/or suspended entity - - in an amount with no apparent upper limit - - and from whom value is to be received in a wholly unprovable form, this Court should demand far more detail.

d. How will anyone be able to document to precise amount of 'cash' actually provided to the Debtor? Especially because of the affiliate nature of the relationship between 'The Gold Club' and the Debtor, this is of particular concern. The Debtor should be compelled to use a traditional line of credit arrangement, which would require the payment of interest and the borrowing of funds one or two days in advance. In the alternative, the Debtor can use a cash delivery service such as Brinks Trucks or another armored truck service. True these are not 'free', but the Trustee strongly suspects that an arrangement with a suspended affiliated/insider entity likewise is not truly 'free.' The Debtor has not even provided its pre-petition contract with "The Gold Club" and until it does its representations regarding the relationship it wishes to 'continue' should not be condoned by this Court's Order. Otherwise all participants in this case may later face a super-priority claim for hundreds of thousands of dollars which is not possible to disprove. Approving the arrangement as proposed risks the appearance of administrative insolvency - - an appearance which may be so costly or even impossible to disprove that it morphs into actual administrative insolvency.

e. The Debtor's financial statements attached to Docket 3 in this case show that as of 12/31/21, the Debtor had an outstanding note payable to "Gold Club – SF, LLC" in the amount of $254,583.26. Docket No. 3, Page 8 of 24. Is this the same entity as "The Gold Club" from whom the debtor proposes to 'borrow' cash and with respect to whom the Debtor's principal has testified:

> " These Short-Term Cash Borrowings are not permitted to, and have not ever, become borrowings for more than a couple of days."

Docket 14, page 9, lines 1-2

f. The Debtor has admitted that the lender both for the Short Term Cash Borrowing motion and the 'Backstop' motion are "affiliates". This means that there may be significant preference exposure as to these entities. Giving such an "affiliate" a super-priority administrative claim is very risky because it potentially could be offset against any avoidance power recovery. This is a significant risk which the Subchapter V Trustee urges this Court to consider.

g. As to the Backstop Motion, the Debtor has admitted that "the Debtor does not presently anticipate any need to access the Backstop Borrowing". Docket 8, p. 7, lines 17-18. It is not appropriate to grant on an emergency 'First Day' basis a Motion which seeks relief that is not necessary. The Trustee also objects because no evidence has been introduced that financing could not be obtained on any other basis.

h. Paragraph 44 of the First Day Declaration is hereby objected to as lacking foundation, being conclusory, and offering inadmissible opinion testimony (as to the 'reasonableness' of the Debtor's alleged investigation). It reads:

> "After conducting a reasonable investigation, I do not believe that there are available alternatives to obtain credit. I do not believe that any third-party lender would consider lending to the Debtor, except possibly on a first priority secured basis. The borrowing proposed in the Backstop Borrowing Motion, as would the Short-Term Cash Borrowing, is available only because members of the SF Clubs are willing to provide the Debtor with far more favorable terms than could possibly be obtained in the market."

This paragraph begs the question. What was the investigation? How do we know that it is reasonable? The Debtor does not mention a single lender that it

contacted, nor a single creditor of this bankruptcy estate that was contacted for the purpose of obtaining a loan.

In order to obtain post-petition credit on a super-priority basis the Debtor must: a) be unable to obtain such credit allowable as an ordinary administrative expense and b) must show that the credit transaction is necessary to preserve estate assets. In re Los Angeles Dodgers LLC, 457 Bankr. 308, 312-313 (Bankr. D. Del. 2011). There is nothing in the record to show either of these facts other than the Debtor's principal's own inadmissible and conclusory statements. And this is the very principal who may be the indirect beneficiary of the 'Super Priority' status which the Debtor seeks, given that said loans are to be issued by the Debtor's affiliates.

**CONCLUSION**

WHEREFORE, the Trustee prays that both borrowing motions (Docs 7 and 8) be denied. If the Debtor is able to introduce admissible coherent evidence as to the need for funds, and if this Court is inclined to allow any borrowing, it should only be allowed on a non-cash and non-super priority basis. This will result in a coherent record of actual loans made and repayments received, so that a later fact finder, or Chapter 7 Trustee, need not face an impossible accounting quagmire. Further, it is critical that there be a cap or maximum amount which can be outstanding at any one time. Finally, such funds must not be loaned on a 'super-priority' administrative basis, for if the affiliates who have loaned funds to the Debtor for years do not believe in the administrative solvency of the Debtor, then neither should this Court.

Dated: March 15, 2022

/s/ Mark M. Sharf______________________
Mark M. Sharf

## DECLARATION OF MARK M. SHARF

I, Mark M. Sharf, do hereby declare:

1. I am an attorney, and am duly licensed to practice law in the State of California and before the United States Bankruptcy Court for the Central District of California. I am also the Subchapter V Trustee in this case. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify completely with respect thereto.

2. I searched the California Secretary of State's website at https://businesssearch.sos.ca.gov/ for an entity identified by Michael St. James as The Gold Club, LLC. Attached as Exhibit A hereto is a true and correct copy of what I found. The first page show that the entity has been suspended. The second page shows is a true and correct copy of the company's Statement of Information showing that this entity was created to represent professional golfers. I suspect that the wrong entity was identified by Mr. St. James.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 16th day of March, 2022 at Torrance, California.

/s/ Mark M. Sharf
Mark M. Sharf

# EXHIBIT A

# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Tuesday, March 15, 2022. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 199615910033 THE GOLD CLUB, LLC

| | |
|---|---|
| **Registration Date:** | 06/07/1996 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC |
| **Status:** | SOS/FTB SUSPENDED |
| **Agent for Service of Process:** | WILLIAM L. CASPER<br>13859 CAMINO DEL SUELO<br>SAN DIEGO CA 92129 |
| **Entity Address:** | 13859 CAMINO DEL SUELO<br>SAN DIEGO CA 92129 |
| **Entity Mailing Address:** | * |
| **LLC Management** | One Manager |

*This entity is not eligible for online records requests. To order a Certificate of Status, please complete and return the* ***Business Entities Records Order Form***

| Document Type | File Date | PDF |
|---|---|---|
| SI-NO CHANGE | 05/20/1998 | |
| SI-COMPLETE | 06/26/1996 | |
| REGISTRATION | 06/07/1996 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search** **New Search** **Back to Search Results**

# State of California
## Bill Jones
## Secretary of State

**LLC-12**

**LIMITED LIABILITY COMPANY STATEMENT OF INFORMATION**

**IMPORTANT - Read the instructions before completing the form**
**This document is presented for filing pursuant to Section 17060 of the California Corporations Code.**

1. Limited liability company name: THE GOLD CLUB, LLC

2. File number: 101996159033

3. State/Country of Formation: California/San Diego

**IF THERE HAS BEEN NO CHANGE IN ANY OF THE INFORMATION ON FILE--PROCEED TO LINE 10 (SEE INSTRUCTIONS)**

4. Enter the name of the agent for service of process:

Name: WILLIAM L. CASPER

California street address if agent is an individual. (Do not use P.O. Box) Do not include address if agent is a corporation.

Address: 13859 Camino del Suelo City: San Diego State: **CALIFORNIA** Zip Code: 92129

5. Street address of the principal executive office:

Street address: 13859 Camino del Suelo, San Diego, California 92129

City: State: Zip Code:

6. In the case of a domestic limited liability company, the street address of the office required to be maintained pursuant to subdivision (a) of Section 17057:

Street address: 13859 Camino del Suelo City: San Diego State: **CALIFORNIA** Zip Code: 92129

7. Name, title and complete business or residential address of the manager(s) or, if none have been appointed or elected, of each member and executive officer, if any:

Name and title: William L. Casper, manager
Address: 13859 Camino del Suelo
City: San Diego State: CA Zip Code: 92129

Name and title:
Address:
City: State: Zip Code:

8. General type of business activity: To act as non-exclusive agent for professional golfers in obtaining opportunities for appearances for compensation.

9. Number of pages attached, if any: -0-

10. It is hereby declared that I am the person who executed this instrument, which execution is my act and deed.

[signature]
Signature of authorized person

Bruce E. Coke, Attorney-in-Fact
Type or print name and title - (Manager, Managing Member or Attorney-In-Fact)

Date: June 20, 19 96

**DUE DATE:** SEP 07 1996

LLC-12 **Approved by the Secretary of State**

Filing Fee $10 1/96

**101996159033**

FILED: STATEMENT OF INFORMATION
AT SACRAMENTO, CA ON JUN.26,1996
SECRETARY OF STATE OF CALIFORNIA