| Fill in this information to identify the case: |
|---|
| Debtor name **Bijou-Century, LLC** |
| United States Bankruptcy Court for the: **Northern District of California** |
| Case number (if known) **22-30126 HLB** |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11

**02/20**

## Bijou-Century, LLC's Plan of Reorganization, Dated June 12, 2022

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor operates a "gentleman's club" known as "The New Century Theater" located in the Tenderloin neighborhood of San Francisco (the "Century"). The Century's business was severely damaged by the Pandemic and the resulting collapse of the San Francisco convention industry. Bijou-Century is also the subject of several pending lawsuits and was entirely unable to support its litigation expenses, its past litigation settlements and its potential prospective litigation exposure. Only through a Chapter 11 reorganization will it be able to survive, continue to employ more than 28 persons and provide for payment to creditors.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Debtor believes that a liquidation would yield aggregate proceeds of $300,000.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ 300,000. The final Plan payment is expected to be paid about 36 months after the Plan is confirmed.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Bijou-Century, LLC (the *Debtor*) from cash flow from operations and potentially loan proceeds.

This Plan provides for:
- **1** classes of priority claims;
- **0** classes of secured claims;
- **1** classes of non-priority unsecured claims; and
- **1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan is unable to value in terms of cents on the dollar because the total amount of all claims is unknown. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** ................................ | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) ] |
| 2.02 | **Class 2** ................................ | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.03 | **Class 3** ................................ | Equity interests of the Debtor. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims** Under section § 1123(a)(1), administrative expense claims, the expenses claims of the Plan Administrator and priority tax claims are not in classes.

3.02 **Administrative expense claims** Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or if not, in its Order of Priority from Operating Cash Flow

3.03 **Priority tax claims** Each holder of a priority tax claim will be paid on the Effective Date or upon allowance, if later, or if not, in its Order of Priority from the GUC Pot until paid in full together with interest at the Interest Rate.

3.04 **Statutory fees** No fees are required to be paid under 28 U.S.C. § 1930.

3.05 **Prospective quarterly fees** No fees are required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7).

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☒ Impaired<br>☐ Unimpaired | Class 1 is impaired by this Plan. Each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order, or if not, in its Order of priority from the GUC Pot until paid in full, with interest at the Interest Rate. |
| **Class 2 – Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | Allowed general unsecured claims will receive *pro rata* distributions from the GUC Pot from time to time as the Plan Administrator determines to be practicable, in their Order of Priority, until the entirety of the GUC Pot has been disbursed. |
| Class 3 - **Equity security holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | Equity holders are unimpaired under this Plan and are deemed to accept it. |

## Article 5: Allowance and Disallowance of Claims

5.01 **Disputed Claim** A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order and as to which either:

(i) a proof of claim has been filed or deemed filed, and (a) the proof of claim is unliquidated, or (b )the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of distribution on a disputed claim** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 **Settlement of disputed claims** The Plan Administrator will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01 **Assumed executory contracts and unexpired leases**

(a) The Debtor assumes the following executory contracts and unexpired leases as of the effective date:

All executory contracts with affiliates including, without limitation, its lease of the premises located at 816 Larkin and the management agreement with SFBSC.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

The Reorganized Debtor shall make ratable payments to the Plan Administrator to fund the GUC Pot on a monthly basis commencing on the first day of the month which is at least 20 days after the Effective Date, aggregating $75,000 over the first 12 payments, $100,000 over the next 12 payments, and $125,000 over the final 12 payments. The funding of the GUC Pot shall be completed when the Reorganized Debtor has funded $300,000.

The Reorganized Debtor shall be in default if it fails to fund at least two monthly payments during any 90 day period. Upon the occurrence of a default, the Plan Administrator may give written notice of default specifying the default and amount thereof. If the Reorganized Debtor fails to cure the default within 20 days after receiving such notice of default, the Plan Administrator may seek an Order converting or dismissing the case.

## Article 8: General Provision

8.01 **Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

The Plan Administrator shall be (a) the Subchapter V Trustee, if the Plan is confirmed non-consensually, or (b) an individual to be identified by the Debtor through a filing with the Court made not later than 14 days prior to the Confirmation Hearing and approved by the Court at the Confirmation Hearing.

The “GUC Pot” shall be a fund, administered by the Plan Administrator, which shall be the source of all distributions under this Plan, including distributions to the persons identified in Article III..

“Interest Rate” means 2% per year, simple interest, and shall apply wherever the application of an interest rate is necessary in order to provide legally permissible claim treatment.

“Order of Priority” shall mean, first, claims identified in Article III until they have been paid in full, then post-confirmation fees and costs and expenses of the Reorganized Debtor, the Plan Administrator and their professionals associated with the implementation of the Plan, then ratable payment on Class 1 Claims until they have been paid in full with interest, and finally, ratable payment on Class 2 Claims.

8.02 **Effective Date**

The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated, except that the Debtor may waive the requirement of a final Confirmation Order.

8.03 **Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 **Binding Effect:**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 **Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Case: 22-30126 Doc# 96 Filed: 06/12/22 Entered: 06/12/22 06:12:30 Page 3 of 4

| | | |
|---|---|---|
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | Confirmation of the Plan shall be deemed to prohibit the issuance by the Reorganized Debtor of nonvoting securities to the extent required under section 1123(a)(6) of the Bankruptcy Code. Confirmation of this Plan shall constitute its judicial approval and shall bar any claim against its managers, members, professionals or agents respecting the proposal, prosecution, approval or implementation of the Plan. |
| 8.08 | **Retention of Jurisdiction** | The Bankruptcy Court shall retain and exercise jurisdiction over the administration, litigation and settlement of all claims against the Debtor, all claims or requests for fees and costs and expenses of the Debtor and the Subchapter V Trustee and their professionals pre-confirmation and of the Reorganized Debtor, the Plan Administrator and their professionals associated with the implementation of the Plan post-confirmation and over the administration and distribution of the GUC Pot. The Court's retention of jurisdiction shall be broadly construed. |

## Article 9: Discharge

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

**The Plan Administrator shall have the sole responsibility and authority to litigate or to settle, with the consent of the Reorganized Debtor, all disputed, unliquidated or contingent claims.**

**No distribution shall be made on account of Class 1 or Class 2 Claims herein until all claims in those classes have been liquidated and allowed or disallowed.**

**Any professional employed by the Debtor may continued to be employed and perform services for the Reorganized Debtor or the Plan Administrator without any requirement of a further Court Order post-confirmation.**

**Post-confirmation the Plan Administrator and professionals employed by the Plan Administrator or the Reorganized Debtor may be paid 80% of their fees and costs on a current basis, subject to the filing of applications for compensation not less often than every 6 months.**

Respectfully submitted,

X ______________________________
[Signature of the Plan Proponent]

Joseph Carouba, Managing Member
[Printed name]

X ***/s/ Michael St. James***
[Signature of the Attorney for the Plan Proponent]

**Michael St. James, St. James Law, P.C.**
[Printed name]