Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re<br><br>BIJOU-CENTURY, LLC<br><br>Debtor | Case No. 22-30126 HLB<br><br>Chapter 11<br><br>DATE: July 14, 2022<br>TIME: 1:00 p.m.<br>JUDGE: Honorable Hannah L. Blumenstiel |

# DECLARATION OF GREGORY R. AKER IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY

I, Gregory R. Aker do hereby declare:

1. I am an attorney at law, duly licensed by and in good standing with the Bar of this State and admitted to practice before this Court. I am a partner in the law firm of Burke, Williams & Sorenson, LLP, counsel of record for the above Debtor in Jane Doe vs. Deja-Vu et al, pending as Case No. CGC-20-586943 in the Superior Court for the City and County of San Francisco (the "State Court Action"). I make this Declaration of my own personal knowledge, and if called as a witness, I could and would competently testify as follows:

2. CGL insurance policies exclude coverage for intentional torts. I have yellow-marked the attached copy of the underlying Complaint, identifying the claims which, if proven, would not be insured under a CGL insurance policy.

3. While the CGL insurer has thus far provided a defense, it has also issued a reservation of rights letter. The bulk of the claims asserted in the Complaint would not be covered by CGL insurance. If the insurer determines in the course of discovery that a fact has been established which would warrant a denial of coverage, it can deny coverage and refuse to provide any further defense.

4. Doe commenced the State Court Action in September 2020. In October 2021, the Court set a trial date of November 14, 2022. However, with the filing of the Bijou-Century bankruptcy petition in March 2022 and resulting stay of the litigation, it is virtually certain that the trial date will be vacated and a new trial date set. Based upon the delay in the initial trial date setting, I expect that trial will not be set until late 2023. Doe has estimated the length of trial at 10 court days, but with the number of witnesses likely to be involved, including experts, the I expect that trial will be substantially longer.

5. To date, the parties to the Doe litigation have conducted no discovery, apart from an initial exchange of form and special interrogatories and document production requests. No depositions have been taken. No experts have been disclosed. No independent medical or psychiatric examinations have been noticed or conducted. No follow-up written discovery has been taken.

6. If relief from stay is granted, Doe will presumably seek to depose all of the members of the Debtor's management and SF BSC's management, and all of the performers and other employees at the New Century (and perhaps other Clubs) seeking to uncover evidence of Mr. Johnson's past misconduct (if any exists) and of the extent to which the Debtor's management should have been aware of it.

7. I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of July, 2022 at Oakland, California.

/s/ *Gregory R. Aker*
Gregory R. Aker

THE SIMON LAW GROUP, LLP
Robert T. Simon (SBN: 238095)
Greg C. Shaffer (SBN: 239836)
34 Hermosa Avenue
Hermosa Beach, CA 90254
Tel: (855)855-8910
Fax: (855)855-8910
Email: robert@justiceteam.com
schaffer@justiceteam.com

FIORE ACHERMANN, A Law Corp.
Jennifer Fiore, Esq. (SBN: 203618)
Sophia Achermann, Esq. (SBN: 262712)
340 Pine Street, Suite 503
San Francisco, CA 94104
Tel./Fax: 415-550-0650
Email: jennifer@theFAfirm.com
sophia@theFAfirm.com

Attorneys for Plaintiff, JANE DOE

NO SUMMONS ISSUED

FILED
San Francisco County Superior Court

SEP 21 2020

CLERK OF THE COURT
BY: [signature]
Deputy Clerk

ORIGINAL

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

By Fax

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION**

JANE DOE,

Plaintiff,

vs.

DEJA VU – SAN FRANCISCO, LLC; BIJOU-CENTURY, LLC; NEW CENTURY THEATRE SAN FRANCISCO; KEN JOHNSON; and DOES 1 to 100, inclusive,

Defendants.

CASE NO.: CGC-20-586943

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1. **Negligence**
2. **Premises Liability**
3. **Negligent Hiring, Retention and Supervision**
4. **Battery**
5. **Sexual Battery (Civ. Code § 1708.5)**
6. **Intentional Infliction of Emotional Distress**
7. **Sexual Harassment**
8. **Acts and/or Threats of Violence (Civ. Code § 51.7)**
9. **False Imprisonment**

**DEMAND FOR JURY TRIAL**



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 3 of 22

Plaintiff JANE DOE hereby submits her Complaint for Damages against Defendants DEJA VU – SAN FRANCISCO, LLC; BIJOU-CENTURY, LLC; NEW CENTURY THEATRE SAN FRANCISCO; KEN JOHNSON; and DOES 1-100 inclusive, and each of them, and alleges as follows:

**PARTIES**

1. Plaintiff JANE DOE is an individual who was and is at all relevant times herein a resident of San Carlos, California. Plaintiff went to the NEW CENTURY THEATER located at 816 Larkin Street, San Francisco, California (hereinafter "NEW CENTURY" or "subject premises") to inquire about employment.

2. Plaintiff JANE DOE was a victim of sexual battery. As such, she is entitled to protect her identity in this public court filing by not disclosing her name.

3. Defendant DEJA VU – SAN FRANCISCO, LLC ("DEJA VU") is, and at all relevant times herein was, a corporation organized under the laws of the State of California and/or licensed to operate in the State of California. At all relevant times mentioned herein, DÉJÀ VU's corporate headquarters and principal place of business was located at 250 Columbus Ave., Suite 207, San Francisco, California 94133, and owns, operates, manages, performs work, controls day-to-day activities and/or is otherwise responsible for NEW CENTURY.

4. Defendant BIJOU–CENTURY, LLC ("BIJOU") is, and at all relevant times herein was, a corporation organized under the laws of the State of California and/or licensed to operate in the State of California. At all relevant times mentioned herein, BIJOU'S principal place of business was located at 250 Columbus Ave., Suite 207, San Francisco, California 94133, and owns, operates, manages, performs work, controls day-to-day activities and/or is otherwise responsible for NEW CENTURY.

5. Defendant NEW CENTURY THEATRE SAN FRANCISCO is, and at all relevant times herein was, a corporation organized under the laws of the State of California and/or licensed to operate in the State of California. At all relevant times mentioned herein, NEW CENTURY THEATRE SAN FRANCISCO's corporate headquarters and principal place of business was located in San Francisco, California, and and owns, operates, manages, performs work, controls

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 4 of 22

day-to-day activities and/or is otherwise responsible for NEW CENTURY.

6. Defendant KEN JOHNSON was an employee, representative, agent and/or contractor of Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, and was acting in the course and scope of said employment, representation and/or agency with said Defendants at the time of the incident as alleged herein.

7. Plaintiff is informed and believes, and thereon alleges that Defendant KEN JOHNSON was a resident of San Francisco, California at the time of the incident as described herein. At all relevant times herein, KEN JOHNSON was an employee, agent, representative and/or contractor of Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, as a manager at NEW CENTURY. Defendant JOHNSON locked JANE DOE into a private room at NEW CENTURY and sexually assaulted and battered her, by among other things, forcing himself upon her, touching her inappropriately, forcing oral copulation and attempting rape by vaginal penetration.

8. As used herein the term "Defendants" means all Defendants, including DOES 1-100, both jointly and severally, and references by name to any named Defendant shall include all Defendants, both jointly and severally.

9. The true names and capacities, whether individual, corporate, associate, partner or otherwise, of other Defendants, herein named as DOES 1-100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will move to amend this Complaint to substitute their true names and capacities when the same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that each Defendant and DOES 1-100, inclusive, are legally responsible in some manner for the events, happenings, omissions and/or occurrences causing damages referred to herein, and legally and proximately caused damage to Plaintiff either through said Defendants' own negligent conduct or through the conduct of their employees, representatives and/or agents.

11. Plaintiff is informed and believe, and thereon allege that all Defendants DOES 1-100, inclusive, were franchisees, franchisors, contractors, individuals, owners, operators, managers, affiliates, sole proprietorships, partnerships and/or corporations, and all their employees and agents

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 5 of 22

who performed services as an employee, agent, ostensible agent, servant, partner, joint venturer, and aider and abettor of each of the Defendants and were, in doing the business of things herein complained of, acting within the course and scope of such relationship and therefore are responsible for damages to Plaintiff as hereinafter alleged, with the express or implied authority or consent of the other Defendants, or which Defendants have ratified the sexual harassment, assault, battery and other wrongful acts at issue in this Complaint. Whenever a Defendant is the subject of any charging allegation by Plaintiff, it shall be deemed that DOES 1-100, inclusive, and each of them, are likewise subject to this charging allegation.

12. Defendants, inclusive, and each of them, ratified the acts and conduct committed by JOHNSON by continuing to employ him as a manager, after they knew or should have known that he had improperly touched, threatened or harassed prior women including employees. Defendants covered up JOHNSON'S misconduct, including but not limited to failing to terminate JOHNSON's employment, failing to report the allegations to local law enforcement and failing to take any action to prevent such misconduct. Defendants further ratified their manager JOHNSON's conduct by failing to reprimand, punish, report and/or otherwise sanction him for his sexual misconduct, and instead allowed him to remain employed knowing or having reason to know he was a sexual predator and/or mentally ill. Defendants failed to exercise the necessary care in the hiring, supervision and retention of JOHNSON.

13. Defendants and each of them, engaged in the conduct alleged herein with malice, oppression and/or fraud. The conduct of Defendants, and each of them, was despicable and was done with a willful and knowing disregard of the rights or safety of Plaintiff and other females at NEW CENTURY. Defendants, and each of them, knew that JOHNSON had a propensity to treat females improperly and were aware of the probable dangerous consequences of allowing JOHNSON to remain in his employment at NEW CENTURY. Despite this knowledge, Defendants continued to employ JOHNSON, with physical access to unsuspecting female victims, including Plaintiff. Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship and in conscious disregard of her rights. Defendants' conduct was so vile, base and contemptible that it would be looked down on and despised by reasonable people. Defendants intentionally

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

concealed JOHNSON's dangerous propensities from Plaintiff with reckless indifference toward Plaintiff's health, safety and emotional well-being. Defendants' conduct alleged herein is outrageous and so extreme that it goes beyond all possible bounds of decency. A reasonable person would regard the conduct of Defendants as intolerable in a civilized community.

14. Defendants knew or should have known JOHNSON had the propensity to commit inappropriate acts of misconduct, inappropriate touching, sexual harassment, assault and/or battery of females such as Plaintiff. At all times relevant hereto, after JOHNSON was hired at NEW CENTURY, Defendants negligently, carelessly and/or recklessly failed to train, monitor, evaluate and supervise JOHNSON, exposing females to JOHNSON's sexually offensive contact with their intimate parts, and to other acts offensive to their personal dignity and/or failed to take immediate and appropriate corrective action when such issues arose.

**JURISDICTION AND VENUE**

15. This Court has jurisdiction over this action pursuant to C.C.P. § 410.10. Plaintiff seeks damages under the statutory and common law of the State of California.

16. Venue is proper in this Court pursuant to C.C.P. § 395 because (a) some of the acts and transactions described herein occurred within this county; (b) some Defendants are or were registered to do business in the State of California and/or are or were doing business within this county; (c) because some Defendants did do business in this county by owning, operating, managing, performing work, controlling day-to-day activities and/or exercising control or being responsible for NEW CENTURY; and (d) Defendant JOHNSON is a resident of the San Francisco, California.

17. The amount in controversy is within the jurisdiction of the Superior Court, Unlimited Jurisdiction.

18. Plaintiff is entitled to pre-judgment interest on said damages attributable to an ascertainable economic value pursuant to Civil Code § 3288. Plaintiff has lost prejudgment interest pursuant to Civil Code § 3291, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained and to confirm to proof at trial.

///

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 7 of 22

## FACTS COMMON TO ALL CAUSES OF ACTION

19. On or around June 29, 2017, Plaintiff JANE DOE visited NEW CENTURY to inquire about employment as an exotic dancer at the gentleman's club. Plaintiff's visit was precipitated by an invitation by JOHNSON to come to the club and interview for an exotic dancer position. In his capacity as manager, JOHNSON, as an employee, representative, agent and/or contractor of Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 11-100 inclusive, would normally interview, interface with and vet new employees of the club.

20. Plaintiff arrived at the subject premises and was invited by JOHNSON into a private room for the interview. JOHNSON locked the door with a dead bolt and engaged in inappropriate touching, sexual harassment, sexual assaults and sexual batteries that caused physical and emotional injuries to Plaintiff, including but not limited to forced oral copulation and attempted rape by vaginal penetration. Plaintiff did not consent to the inappropriate touching, sexual harassment, assaults and/or batteries during the incident.

21. JOHNSON used a private room on the subject premises that was owned, operated and/or controlled by Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, and each of them, at the time of the incident.

22. Plaintiff is informed and believes and thereon alleges Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, and each of them, knew or should have known that Defendant JOHNSON had a propensity for intimidation, aggression, confrontation, sexual assault, and battery. Said Defendants knew of prior incidents involving JOHNSON and knew or should have known of JOHNSON's history of assault and battery against employees and patrons of the club. Given said Defendants' encouragement and direction for JOHNSON to manage the New Century Theater, and JOHNSON's propensity for sexual assault and battery, it was foreseeable that sexual assault and battery incidents between JOHNSON and others in and around NEW CENTURY were likely to occur. Said Defendants, and each of them, knew or should have known that incidents involving sexual misconduct between JOHNSON and others, similar to the subject incident, were highly probable. As a result of their knowledge of prior

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 8 of 22

incidents and JOHNSON'S propensity for sexually aggressive conduct, and their failure to take corrective action, said Defendants therein authorized and/or ratified JOHNSON'S conduct.

23. At all times relevant hereto, Defendant JOHNSON was under the supervision, employment and/or control of Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, and each of them.

24. Plaintiff is informed and believes, and thereon alleges that the wrongful and/or illegal conduct of Defendants JOHNSON, as alleged herein, was undertaken while in the course and scope of his employment, representation and/or agency with Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, and each of them.

25. Plaintiff is informed and believes, and thereon alleges that the wrongful and/or illegal conduct of JOHNSON, as alleged herein, was undertaken while under the supervision and/or control of Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, and each of them.

26. Plaintiff's claims and causes of action alleged herein against Defendants are timely brought pursuant to C.C.P. § 340.16, which states: "In any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, the time for commencement of the action shall be the later of the following . . . (1) Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff."

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

**Against All Defendants**

27. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

28. On June 29, 2017, Plaintiff was an invited to NEW CENTURY to apply for employment as an exotic dancer. In the course of her interview with Defendant JOHNSON, Plaintiff was subject to harmful, offensive and injurious contact by JOHNSON with intimate parts of her body and other acts offensive to her personal dignity.

29. At all times relevant hereto, Defendants authorized and/or entrusted their employees,

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

agents, representatives and/or contractors including JOHNSON, to vet and interview women inquiring about employment and to be alone with them while the invitees were undressed and in a vulnerable position. JOHNSON was aided in his commission of the sexual misconduct against JANE DOE by virtue of his position and authority as manager and because JANE DOE would foreseeably be required to undress during an interview for employment as an exotic dancer in an all-nude night club per the hiring protocol of exotic dancers at the subject premises.

30. At all times relevant hereto, Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100, and each of them, had a duty to, among other things, conduct appropriate background checks of their employees to ferret out and discover prior complaints of objectionable contact with patrons, guests or invitees' intimate parts and/or other acts offensive to those person's personal dignity; to utilize appropriate policies and procedures for screening, hiring and retention of their managers, employees, agents, representatives or contractors; and to properly train and manage their managers, employees, agents, representatives or contractors.

31. Defendants, and each of them knew, or had reason to know from past experience and the nature of the services they offer as a gentleman's club that there was a reasonably foreseeable risk of sexually offensive contact with the patrons, guests or invitees intimate parts and/or other acts offensive to those person's personal dignity.

32. Defendants failed to use reasonable care to protect and warn their patrons, guests or invitees, including Plaintiff, from the harmful conduct, sexual and assault and battery that occurred on June 29, 2017. At all times relevant hereto, Defendants failed to exercise reasonable care for Plaintiff's safety.

33. Defendants, and each of them, wantonly, recklessly, negligently and/or carelessly owned, operated, inspected, surveilled and/or controlled NEW CENTURY by, among other things, failing to ensure the safety of patrons, guests or invitees on the premises; failing to provide or equip the premises with adequate security measure that would have prevented the incident; failing to conduct appropriate background checks of their employees, agents, representatives and/or contractors; failing to utilize appropriate policies and procedures for screening, hiring and retention of their employees, agents, representatives and/or contractors; and negligently hiring, supervising,

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 10 of 22

training and retaining their employees, agents, representatives and/or contractors.

34. Defendants, and each of them, had actual and/or constructive notice of the risk of harm to patrons, guests or invitees at their premises, including Plaintiff, but failed to warn her and protect her from the risk of harm.

35. Defendants did nothing to warn patrons, guests or invitees of the risk of women being inappropriately touched, sexually harassed, assaulted and/or battered at NEW CENTURY which was under the control, supervision and/or management of Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and/or Does 1-100, inclusive.

36. As a direct and proximate result of the foregoing acts and/or omissions of Defendants, and each of them, Plaintiff has suffered, and continues to suffer personal injuries from the physical battery, including, but not limited to, permanent physical injury, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained loss earnings and loss of earning capacity; and/or has incurred and will continue to incur expenses including costs for medical treatment and services, medications, sundries and psychological treatment, therapy and counseling. Plaintiff has sustained personal injuries and economic and noneconomic damages, and continues to incur these damages, the full nature and extent of which are not yet known to Plaintiff, and leave is requested to amend this Complaint to conform to proof at trial.

37. Defendants' conduct was a substantial factor in causing Plaintiff's personal injuries and damages set forth herein.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION FOR PREMISES LIABILITY**

**Against Defendants DEJA VU – SAN FRANCISCO, LLC,**

**BIJOU–CENTURY, LLC, NEW CENTURY THEATRE SAN FRANCISCO**

**and DOES 1-100, Inclusive**

38. Plaintiff incorporates herein by reference, as though set forth in full, all preceding

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

Paragraphs of this Complaint.

39. At all relevant times hereto, Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100, and each of them owned, controlled, managed and/or operated NEW CENTURY.

40. Defendants, and each of them, wantonly, reckless, negligently and carelessly owned, operated, leased, rented, maintained, managed, inspected, surveilled or otherwise controlled the premises by, inter alia, failing to properly manage, run and/or oversee the premises; failing to provide adequate security; failing to equip the premises with adequate security measures that would have prevented the incident; failing to prevent dangerous persons from entering or working on the premises; and failing to render or provide emergency medical care to Plaintiff.

41. Defendants, and each of them, had actual and/or constructive notice of the risk of harm to patrons, guests or invitees at the premises, including Plaintiff, but failed to warn her and failed to protect her from risk of harm.

42. The actions, omissions and negligence of Defendants, and each of them, were a direct and proximate cause of the incident and Plaintiff's injuries and damages alleged herein.

43. Defendants' conduct was a substantial factor in causing Plaintiff's personal injuries and damages set forth herein.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION OF UNFIT EMPLOYEE**

**Against Defendants DEJA VU – SAN FRANCISCO, LLC, BIJOU–CENTURY, LLC, NEW CENTURY THEATRE SAN FRANCISCO and DOES 1-100, Inclusive**

44. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

45. At all times relevant hereto, Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100, inclusive, and each of them, negligently hired, supervised and retained JOHNSON knowing that he would have access to female patrons, guests or

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 12 of 22

invitees, including Plaintiff, who would or could be emotionally and physically vulnerable to his control and influence.

46. Defendants, and each of them, had a duty to supervise the conduct of their employees, agent, representatives, contractors and other individuals on their premises, and including JOHNSON, and to enforce and administer rules and other provisions and supervision necessary for the safety and protection of their customers, including Plaintiff. Defendants had a duty to supervise the conduct of each of the other Defendants, any other individuals on said premises and the complete operation of NEW CENTURY gentleman's club so as to prevent and not to cause the type of injuries and damages that Plaintiff was caused due to the negligence of Defendants.

47. Defendants, and each of them, by act and/or omission, failed to adequately and sufficiently oversee, manage and otherwise control the premises of their club so as to prevent or not to cause harm to Plaintiff.

48. Defendants, and each of them, had a duty to exercise reasonable care in hiring, screening, supervising and retaining employees, and to protect their patrons, guests or invitees from inappropriate sexual conduct including sexual harassment, assaults and batteries. Defendants, among other things, breached their duties and failed to exercise reasonable care in hiring, screening, supervising and retaining employees, agents, representatives and/or contractors, including JOHNSON and others supervising him; in failing to sufficiently and reasonably staff NEW CENTURY; and in permitting JOHNSON to have unfettered access to vulnerable women, including Plaintiff.

49. Defendants, and each of them, knew and/or should have known that they were responsible for the well-being and safety of their patrons, guests or invitees, including Plaintiff. As such, Defendants should have ascertained all information reasonably ascertainable regarding the managers to whom they were going to entrust their potential exotic dancer employees in order to prevent them from being harmed. Therefore, Defendants knew and should have acted to prevent the misconduct and/or harm which occurred on their premises more specifically pled elsewhere in this Complaint and incorporated by reference herein.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 13 of 22

50. Defendants, and each of them, knew and/or should have known that JOHNSON was unqualified and/or unfit to perform the duties for which he was employed and posed an unreasonable risk to patrons, guests or invitees such as Plaintiff.

51. Defendants, and each of them, so negligently acted and/or omitted to act, including, but not limited to:

A. Failing to provide adequate training to JOHNSON regarding the dangers of touching women in certain areas of the body including their genitalia.

B. Failing to provide adequate warning, advice and training to JOHNSON regarding sexualized relationships with patrons, guests or invitees.

C. Failing to provide adequate warning, advice and training to JOHNSON regarding nonconsensual sexualized relationships with patrons, guests or invitees.

D. Failing to provide adequate warning, training and advice to JOHNSON regarding dangers of sexually assaulting, battering and/or abusing patrons, guests or invitees.

E. Failing to adequately train, advise, and supervise their staff to recognize and report inappropriate and negligent behavior by an employee, including locking a person into a private room and sexually assaulting them.

F. Inadequate investigation, supervision and monitoring of JOHNSON, including, but not limited to insufficient steps were taken to supervise JOHNSON by monitoring his records and/or behavior.

G. Managing employees, agents, representatives and/or contractors Defendants knew of JOHNSON's negligent and inappropriate treatment of women including, but not limited to those described above, as well as his propensity for being a sexual predator.

52. Defendants, and each of them, ratified JOHNSON's actions and failed to act to prevent his actions despite the fact that they knew or should have known his inappropriate conduct was occurring or likely to occur.

53. The actions, omissions and negligence of Defendants, and each of them, were a

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 14 of 22

direct and proximate cause of the incident and Plaintiff's injuries and damages alleged herein.

54. Defendants' conduct was a substantial factor in causing Plaintiff's personal injuries and damages set forth herein.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION FOR BATTERY**

**Against All Defendants**

55. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

56. During the course of his interview of Plaintiff, JOHNSON used his position, authority, and cunning to subject her to sexually offensive contact with the intimate parts of her body and other acts offensive to her personal dignity knowing that she was physically and emotionally vulnerable, and locked in the NEW CENTURY private room without any clothes.

57. JOHNSON's offensive contact with the intimate parts of Plaintiff's body and other acts offensive to her personal dignity constituted a harmful and offensive touching and battery upon her person.

58. Plaintiff did not consent to this sexualized touching and offensive contact with intimate parts of her body and other acts offensive to her personal dignity.

59. Plaintiff was offended by this sexualized touching and offensive contact with the intimate parts of her body and other acts offensive to her personal dignity as would any reasonable person in her position.

60. Defendants, DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100, inclusive, and each of them, allowed, adopted, approved, aided, abetted and/or ratified the behavior of their manager JOHNSON by allowing him to continue to work as manager at NEW CENTURY with unfettered, physical access to females like Plaintiff knowing or having reason to know that he had a history of sexual misconduct, including battery.

61. As described above, JOHNSON, without Plaintiff's consent, engaged in sexual misconduct against Plaintiff, all with the intent of sexual arousal in violation of Civil Code § 1708.5.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

62. The conduct and actions of Defendant JOHNSON, as stated herein, constitutes sexual battery for purposes of California Civil Code § 1708.5.

63. The actions, omissions and negligence of Defendants, and each of them, were a direct and proximate cause of the incident and Plaintiff's injuries and damages alleged herein.

64. Defendants' conduct was a substantial factor in causing Plaintiff's personal injuries and damages set forth herein.

65. In doing the acts alleged herein, Defendants acted so wantonly, recklessly, maliciously, intentionally and/or oppressively and said acts were carried on by Defendants with a willful and conscious disregard of the rights or safety of others, including the Plaintiff, and by subjecting Plaintiff to unjust hardship in conscious disregard of her rights. Defendants engaged in despicable conduct which was carried on with a willful and conscious disregard of the rights or safety of others, including Plaintiff, and subjected her to cruel and unjust hardship in conscious disregard of her rights. Defendant's intentional conduct, as described above, was committed in conscious and reckless disregard of Plaintiff's well-being, rendering Defendants liable to Plaintiff for punitive damages and exemplary damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION FOR SEXUAL BATTERY**

**(CAL. CIV. CODE § 1708.5)**

**Against All Defendants**

66. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

67. JOHNSON intentionally engaged in harmful and/or offensive touching of Plaintiff and engaged in harmful and/or offensive contact of her "intimate parts" as defined by California Civil Code § 1708.5.

68. The sexual misconduct, as described above, was not part of any legitimate purpose.

69. Plaintiff did not consent to the touching.

70. The actions, omissions and negligence of Defendants, inclusive, and each of them, were a direct and proximate cause of the incident and Plaintiff's injuries and damages alleged

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 16 of 22

herein.

71. Defendants' conduct was a substantial factor in causing Plaintiff's personal injuries and damages set forth herein.

72. Defendants, and each of them, acted wantonly, recklessly, maliciously, intentionally and/or oppressively and Defendants with a willful and conscious disregard of the rights or safety of others, including the Plaintiff, in acting and omitting to act as herein alleged, making Defendants liable to Plaintiff for punitive damages and exemplary damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**SIXTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Against All Defendants**

73. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

74. As described above, without Plaintiff's consent, Defendants' manager JOHNSON engaged in unlawful, sexual assault, battery and misconduct against Plaintiff.

75. Defendants, and each of them, had a duty to refrain from intentional and outrageous conduct that would cause Plaintiff to suffer severe emotional distress.

76. Defendants' conduct was intentional, extreme and outrageous. Defendants intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress on their premises when the conduct occurred and/or gave little or no thought to the probable effects of their conduct.

77. Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100 inclusive, and each of them, allowed, adopted, approved, aided, abetted and/or ratified the behavior of their manager JOHNSON by allowing him to continue to work as manager with unfettered, physical access to females like Plaintiff, while knowing or having reason to know that he had a history of sexual misconduct, including improperly touching and harassing female patrons, guests or invitees.

78. As a direct and proximate result of the actions, omissions and conduct of

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 17 of 22

Defendants, and each of them, Plaintiff suffered severe emotional distress and was caused to sustain personal injuries and damages as set forth herein.

79. Defendants' conduct was a substantial factor in causing Plaintiff's personal injuries and damages as set forth herein.

80. The acts of Defendants alleged above were willful, wanton, malicious, oppressive, fraudulent, despicable and outrageous. The aforementioned acts of Defendants and each of them were willful, wanton, malicious, intentional, oppressive, and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by owners, officers, directors and/or managerial agents of Defendants. Such conduct was also authorized and/or ratified by owners, officers, directors and/or managing agents of Defendants. In light of Defendants, and each of their willful, knowing and intentional conduct against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**SEVENTH CAUSE OF ACTION FOR SEXUAL HARASSMENT**

**(CAL. CIV. CODE § 51.9)**

**Against All Defendants**

81. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

82. At all times relevant hereto, a business and/or professional relationship existed between Defendants, DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100 inclusive, with Plaintiff, who was an invitee and job applicant of each of them. Further, it was only through the business and/or professional relationship between Plaintiff and Defendants that the incident was possible.

83. As such, Plaintiff was an individual protected under Civ. Code §§ 51.9 and 52.

84. The inappropriate touching, harassment, assault and/or batteries of Plaintiff were unwelcome, severe and pervasive. Plaintiff was unable to defend herself against JOHNSON and unable to easily terminate her business and/or professional relationship with Defendants.

85. Defendants, and each of them, should have known of JOHNSON's inappropriate

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

86. touching, assaults and/or batteries of Plaintiff. The acts and omissions of Defendants and their employees, agents, representatives and/or contractors were performed in furtherance of the practices and policies of Defendants, were known or should have been known to each of them and were performed within the course and scope of Defendants' authority. The acts and omissions of Defendants and their employees, agents, representatives and/or contractors were performed with the knowledge, permission, consent, authorization and/or ratification of Defendants acting by and through their managing agents and employees.

87. By the aforesaid acts and conduct of Defendants and each of them, Plaintiff has been directly and proximately caused to suffer actual damages pursuant to Civ. Code § 3333, including but not limited to loss of earnings and future earning capacity, medical and related expenses for care and treatment both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained.

88. As a direct and proximate result of the acts and omissions of the Defendants and each of them, Plaintiff suffered the injuries and damages set forth herein.

89. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive, fraudulent and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by officers, directors, managerial agents of Defendants, and with the express knowledge, consent and ratification of officers, directors, managerial employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

90. As a result of the harassing acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit, as specifically provided in Civ. Code § 52, et seq.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**EIGHTH CAUSE OF ACTION FOR ACTS AND/OR**

**THREATS OF VIOLENCE (CAL. CIV. CODE § 51.7)**

**Against All Defendants**

91. Plaintiff incorporates herein by reference, as though set forth in full, all preceding

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 19 of 22

Paragraphs of this Complaint.

92. JOHNSON committed a violent act against Plaintiff and/or intentionally threatened violence against Plaintiff as described above, whether or not he actually intended to carry out the threat. The substantial motivating reason for said conduct was Plaintiff's sex. A reasonable person in Plaintiff's position would have believed that he would carry out the threat.

93. JOHNSON's actions were approved and/or ratified by Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100 inclusive, and each of them, were approved and/or ratified by managing agents of Defendants and/or JOHNSON was negligently hired, supervised retained and/or employed despite knowledge of his lack of fitness for being employed as a manager of the club. Defendants are therefore liable for these actions of JOHNSON.

94. As a direct and proximate result of Defendants, and each of their conduct, as described above, Plaintiff was harmed and has suffered, and continues to suffer, the injuries and damages as set forth herein.

95. Defendants, and each of them committed the acts herein alleged maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff. The aforementioned acts of Defendants and each of them, were willful, wanton, malicious, intentional, oppressive, and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by owners, officers, directors and/or managerial agents of Defendants. Such conduct was also authorized and/or ratified by owners, officers, directors and/or managing agents of Defendants, inclusive. In light of Defendants, and each of their willful, knowing and intentional conduct against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

96. As a result of the acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit, as specifically provided in Code § 52, et seq.

WHEREFORE, Plaintiff prays for judgment as set forth below.

///

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 20 of 22

## NINTH CAUSE OF ACTION FOR FALSE IMPRISONMENT

**Against All Defendants**

97. Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this Complaint.

98. Plaintiff was wrongfully restrained, confined and/or detained by JOHNSON in a private room of NEW CENTURY. JOHNSON's wrongful conduct was carried out during the course and scope of his employment for Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100 inclusive, and each of them, as manager of NEW CENTURY.

99. JOHNSON intentionally deprived Plaintiff of her freedom of movement by, including but not limited to, use of physical barriers, force, threats of force and menacing behavior.

100. The restraints and confinement to the room compelled Plaintiff to stay inside the room for an appreciable time while she was simultaneously sexually harassed, sexually assaulted and battered by JOHNSON.

101. Plaintiff did not knowingly or voluntarily consent to the restraint, confinement and detainment in the private room.

102. JOHNSON's actions were approved and/or ratified by Defendants DÉJÀ VU, BIJOU, NEW CENTURY THEATRE SAN FRANCISCO and Does 1-100 inclusive, and each of them, were approved and/or ratified by managing agents of Defendants and/or JOHNSON was negligently hired, supervised retained and/or employed despite knowledge of his lack of fitness for being employed as a manager of the club. Defendants are therefore liable for these actions of JOHNSON.

103. As a direct and proximate result of Defendants, and each of their conduct, as described above, Plaintiff was harmed and has suffered, and continues to suffer, the injuries and damages as set forth herein.

104. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for judgment as set forth below.

///

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 21 of 22

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANE DOE prays for a judgment against the Defendants as follows:

1. For general damages;
2. For special damages for medical expenses, hospital expenses, past and future wages loss and diminution in earning capacity and incidental expenses;
3. For punitive damages as to the Fourth, Fifth, Sixth, Seventh, and Eighth causes of action;
4. For attorneys' fees and/or penalties pursuant to Civ. Code §§ 51.7, 51.9, 52 and 1708.5(3)(b);
5. For prejudgment interest pursuant to statute;
6. For costs of suit herein; and
7. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff JANE DOE demands a trial by jury.

DATED: September 18, 2020

THE SIMON LAW GROUP, LLP

By: ______________________
Greg Schaffer, Esq.
Attorneys for Plaintiff, JANE DOE

DATED: September 18, 2020

FIORE ACHERMANN, A LAW CORP.

By: ______________________
Jennifer Fiore, Esq.
Sophia Achermann, Esq.
Attorneys for Plaintiff, JANE DOE

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910



Case: 22-30126 Doc# 103-1 Filed: 07/08/22 Entered: 07/08/22 17:21:28 Page 22 of 22