**Fill in this information to identify the case:**

Debtor name      **Bijou-Century, LLC**

United States Bankruptcy Court for the:      **Northern District of California**

Case number (if known)      **22-30126    HLB**

☒  Check if this is an
amended filing

# Second Amended Plan of Reorganization for Small Business Under Chapter 11

### Bijou-Century, LLC's Plan of Reorganization, Dated November 17, 2022

**Background for Cases Filed Under Subchapter V**

### A.  Description and History of the Debtor's Business

The Debtor operates a "gentleman's club" known as "The New Century Theater" located in the Tenderloin neighborhood of San Francisco (the "Century").   The Century's business was severely damaged by the Pandemic and the resulting collapse of the San Francisco convention industry.   Bijou-Century is also the subject of several pending lawsuits and was entirely unable to support its litigation expenses, its past litigation settlements and its potential prospective litigation exposure.   Only through a Chapter 11 reorganization will it be able to survive, continue to employ more than 28 persons and provide for payment to creditors.

### B.  Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Debtor believes that a liquidation would yield aggregate proceeds of approximately $472,000.

### C.  Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $134,300.   The Debtor expects to fund the full payment required under the Plan within 36 months after the Plan is confirmed.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Bijou-Century, LLC   (the *Debtor*) from cash on hand, and anticipated Employee Retention Tax Credit ("ERTC") recovery, and cash profits from operations.

This Plan provides for:      **1**   classes of priority claims;

**0**   classes of secured claims;

**1**   classes of non-priority unsecured claims; and

**1**   classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan is unable to value in terms of cents on the dollar because the total amount of all claims is unknown. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1**................................ | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under §507(a)(2)) |
| 2.02 | **Class 2**................................ | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.03 | **Class 3**................................ | Equity interests of the Debtor. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, the post-confirmation fee and expense claims of the Plan Administrator and his/her professionals and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or if later, upon entry of an Order allowing such fees and costs. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid on the Effective Date or upon allowance, whichever is later. |
| 3.04 | **Statutory fees** | No fees are required to be paid under 28 U.S.C. § 1930. |
| 3.05 | **Prospective quarterly fees** | No fees are required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7). |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01     **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☒ Unimpaired | Class 1 is not impaired by this Plan. Each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or if the claim is the subject of an Objection, the date on which such claim is allowed by a final non-appealable order. |
| **Class 2 – Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | Allowed general unsecured claims will receive one or more *pro rata* distribution(s) from the GUC Pot. |
| Class 3 - **Equity security holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | Equity holders are unimpaired under this Plan and are deemed to accept it. |

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and (a) the proof of claim is unliquidated, or (b )the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
|---|---|---|
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order or a writing executed by the Plan Administrator. |
| 5.03 | **Settlement of disputed claims** | The Plan Administrator will have the power and authority to settle and compromise a disputed claim upon notice to the Reorganized Debtor. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|

All executory contracts with affiliates including, without limitation, its lease of the premises located at 816 Larkin and the management agreement with SFBSC.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

The Reorganized Debtor shall fund timely payment of administrative and priority claims under the Plan.

The Court Required Payment shall be $472,940.43.   The Reorganized Debtor shall pay the entire amount of the Required Payment by (a) directly paying administrative and priority claims, and (b) depositing the balance of the Required Payment into the GUC Pot.

Whenever, from time to time, the Reorganized Debtor's cash on hand exceeds (a) the face amount of unpaid administrative and priority claims, and (b) $130,000, it shall deposit such excess to the GUC Pot.   The Reorganized Debtor shall report to the Plan Administrator from time to time and upon request, to enable the Plan Administrator to monitor compliance with this provision.

The post-confirmation fees and costs of only the Plan Administrator shall be paid from the GUC Pot on a current basis, subject to adjustment upon review by the Court of his final fee application.

### Article 8: General Provision

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|

The Plan Administrator shall be (a) the Subchapter V Trustee, if the Plan is confirmed non-consensually, or (b) an individual to be identified by the Debtor through a filing with the Court made not later than 14 days prior to the Confirmation Hearing and approved by the Court at the Confirmation Hearing.

The "GUC Pot" shall be a fund, held in a bank account in the name of the Debtor but subject to the sole control of the Plan Administrator, which shall be the source of (a) the payment of the fees and costs of the Plan Administrator, and (b) all distributions under this Plan to holders of Class 2 claims..

| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of a final Confirmation Order, except that the Debtor may waive the requirement of finality. If, however, a stay of the Confirmation Order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated, provided the Debtor so elects. |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |

| 8.07 | **Corporate Governance** | Confirmation of the Plan shall be deemed to prohibit the issuance by the Reorganized Debtor of nonvoting securities to the extent required under section 1123(a)(6) of the Bankruptcy Code.   Confirmation of this Plan shall constitute its judicial approval and shall bar any claim against its managers, members, professionals or agents respecting the proposal, prosecution, approval or implementation of the Plan. Existing management and corporate governance shall not be altered by confirmation of this Plan. |
|---|---|---|
| 8.08 | **Payments** | All payments to be made under the Plan for services, costs or expenses in connection with the case or the Plan shall be subject to the approval of the court. |
| 8.09 | **Officers and Directors** | The officers and directors of the Debtor shall remain in their roles post-confirmation, and specifically Joseph Carouba shall remain the Manager of the Reorganized Debtor. |
| 8.10 | **Insider Retention** | The insiders who were employed or retained by the Debtor shall remain in their roles post-confirmation, at the same or comparable compensation, and specifically Joseph Carouba shall remain the Manager of the Reorganized Debtor with no compensation therefor and SFBSC Management shall remain the Reorganized Debtor's outside management consultant at the compensation contemplated by its Management Agreement. |
| 8.11 | **Defaults and Remedies** | Failure to pay any amount due under this Plan within 20 days of the due date and failure to comply with the provisions of Article 7 or 10 shall constitute a Default. Upon the occurrence of a Default, any affected creditor (including the Plan Administrator) may give 15 days' Notice of Default. Absent a cure within that period, the creditor may present a Motion, on not less than 21 days' notice, seeking appropriate relief from the Bankruptcy Court, which relief may but need not include conversion of the case to one under Chapter 7 of the Code.. |
| 8.12 | **Retention of Jurisdiction** | The Bankruptcy Court shall retain and exercise jurisdiction over the administration, litigation and settlement of all claims against the Debtor, all claims or requests for fees and costs and expenses of the Debtor and the Subchapter V Trustee and their professionals pre-confirmation and of the Reorganized Debtor, the Plan Administrator and their professionals associated with the implementation of the Plan post-confirmation and over the administration and distribution of the GUC Pot.   The Court's retention of jurisdiction shall be broadly construed. |

## Article 9: Discharge

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of payment of the Required Payment within 3 years after the confirmation of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

> The Plan Administrator shall have the sole responsibility and authority to litigate or to settle, with notice to the Reorganized Debtor, all disputed, unliquidated or contingent claims.
>
> The Plan Administrator shall fund an initial dividend to the holders of allowed Class 2 Claims herein within the latter of 90 days following the Effective Date or 15 days after receiving the ERTC payment, unless the Court Orders otherwise.
>
> Any professional employed by the Debtor may continue to be employed and perform services for the Reorganized Debtor or the Plan Administrator without any requirement of a further Court Order post-confirmation.   Such post-confirmation services shall be paid by the Reorganized Debtor.
>
> When the Plan Administrator has resolved all disputed claims, he shall file a listing of the allowed amounts of all claims with the Court.   Upon determination of his subsequent final fee application, he shall be discharged of all further duties under the Plan.
>
> When the Reorganized Debtor has funded the entire amount of the Required Payment, it shall receive its discharge (if it has not previously received its discharge) and shall have only the remaining obligation set forth in the following provision.
>
> Following the later of the discharge of the Plan Administrator and the funding of the entirety of the Required Payment, the Reorganized Debtor shall fund a distribution of the residue of the GUC Pot in a ratable dividend on Class 2 claims.   Any distribution check which is not cashed within 90 days of issuance shall be forfeited to the Reorganized Debtor.

**Article 11: Post-Confirmation Stay**

**Stay:**     All pre-petition litigation, and all attempts to prosecute claims subject to treatment in this Plan in any other Court, shall be indefinitely enjoined, barred and stayed, but only as against the Debtor and Reorganized Debtor.   For the avoidance of doubt, such litigation and claims prosecution may proceed entirely unaffected, subject to the discretion of the Courts where they are pending, against any defendant or allegedly responsible person other than the Debtor, the Reorganized Debtor or a trade name of the Debtor. Nothing herein shall prohibit or bar the prosecution of non-party discovery against the Debtor and Reorganized Debtor or, if relief from stay is granted, the prosecution of litigation against the Debtor or Reorganized Debtor as a nominal defendant.

**Relief from Stay:**   The Bankruptcy Court shall retain authority to modify the Stay and the discharge injunction post-confirmation.

Respectfully submitted,

**X** /s/  *Joseph Carouba*                                    **Joseph Carouba, Managing Member**
[Signature of the Plan Proponent]                       [Printed name]

**X** /s/  *Michael St. James*                                **Michael St. James, St. James Law, P.C.**
[Signature of the Attorney for the Plan Proponent]      [Printed name]