Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
236 West Portal Avenue, Suite 305
San Francisco, California 94127
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re<br><br>BIJOU-CENTURY, LLC<br><br>Debtor | Case No. 22-30126 HLB<br><br>Chapter 11 |

# FEE APPLICATION

**(Michael D. Cooper)**

TO: THE HONORABLE HANNAH L. BLUMENSTIEL
UNITED STATES BANKRUPTCY JUDGE

Michael D. Cooper ("Applicant"), Plan Administrator of Bijou-Century, LLC, Reorganized Debtor, respectfully represents:

## I. INTRODUCTION

1. **Debtor**: On March 13, 2022, Bijou-Century, LLC (the "Debtor") filed its voluntary petition for reorganization under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. **Employment**: On November 30, 2022, the Court issued its Order Confirming Plan of Reorganization; Dkt #172, which provided for Applicant's employment as Plan Administrator.

3. **Compensation**: The Plan provided for the establishment of a fund to pay creditors denominated the "GUC Pot" and provided that "the post-confirmation fees and costs of only the Plan Administrator shall be paid from the GUC Pot on a current basis, subject to adjustment upon review by the Court of his final fee application." Plan, Article VII.

4. **Current Compensation**: During the post-confirmation administration of the Debtor's case to date, Applicant performed the services generally described in this Application and as more particularly described in the invoices attached to the Declaration of Michael D. Cooper in Support of Fee Application (the "Declaration").

5. **2016 Compensation Statement**: Applicant has made no agreement to share any compensation awarded herein with any other person. The source of payment of any award has been and will be the Reorganized Debtor.

## II. DESCRIPTION OF SERVICES

Applicant was retained to act as Debtor's Plan Administrator. The Plan establishes three tasks[1] for the Plan Administrator: to monitor Plan funding, to resolve disputed tort claims against the Debtor, and to submit a schedule of allowed claims upon resolving all disputed claims.

### *A. Monitoring Plan Funding*

The Plan provides:

---

[1] The Plan also contemplated the funding of an initial dividend but in view of the substantial reserves that would be required on account of administrative and priority claims and of disputed claims, which aggregated more than $12 million at face, it was not possible to fund an initial dividend of even 0.1% on undisputed general unsecured claims until very recently.

> Whenever, from time to time, the Reorganized Debtor's cash on hand exceeds (a) the face amount of unpaid administrative and priority claims, and (b) $130,000, it shall deposit such excess to the GUC Pot. The Reorganized Debtor shall report to the Plan Administrator from time to time and upon request, to enable the Plan Administrator to monitor compliance with this provision. Article VII.

Consistent with the foregoing provision, Applicant required that the Reorganized Debtor provide him copies of its monthly bank statements on a contemporaneous basis. Applicant monitored performance of the funding requirement and demanded transfers to the GUC Pot where appropriate.

### *B. Resolving Disputed Claims*

The Plan provides:

> The Plan Administrator shall have the sole responsibility and authority to litigate or to settle, with notice to the Reorganized Debtor, all disputed, unliquidated or contingent claims. Plan, Article X.

Specifically, the face amount of the disputed tort claims Applicant was assigned to resolve and the results of his efforts are presented in the following table:

| Claimant | Original Face Amount | As Negotiated |
|---|---|---|
| | | |
| Lapasia Colbert & Mackenzie Banks | $ 2,456,178.27 | $ 425,000.00 |
| Jane Doe | $ 10,000,000.00 | $ 100,000.00 |
| Yogesh Narayanan | $ 200,000.00 | $ 25,000.00 |
| Kristine Schmid | $ 250,000.00 | $ 150,000.00 |
| | | |
| Disputed Claims | $ 12,906,178.27 | $ 700,000.00 |

Applicant reviewed the Debtor's documents relating to each of the disputed claims, including the discovery that had been done in some of the cases in which litigation had been filed. Applicant also spoke to Debtor's litigation attorneys relating to the claims, and thereafter was able to negotiate settlements with

disputed claimants' counsel. Applicant's time records describe the specific tasks undertaken to resolve the disputed claims.

### *C. Submitting an Allowed Claims Schedule*

The Plan provides:

> When the Plan Administrator has resolved all disputed claims, he shall file a listing of the allowed amounts of all claims with the Court. Upon determination of his subsequent final fee application, he shall be discharged of all further duties under the Plan. Plan, Article X.

Within the past weeks, Applicant resolved the last of the substantial disputed claims (Colbert & Banks). The listing of allowed claims is submitted herewith; upon resolution of this Fee Application Applicant requests that he be discharged of all further duties.

In performing the services described generally above and specifically in the timesheets filed herewith, Applicant expended 55.5 hours, for which Applicant believes $33,300 would represent reasonable compensation.

## III. ESTABLISHMENT OF FEES

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." *In Re Manoa Finance Company*, 853 F.2d 687 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyers' experience, skill and reputation.

Applicant is an attorney, who has practiced bankruptcy and commercial law since 1969. He is currently a mediator with ADR Services, Inc. In both roles, Applicant has been involved in thousands of bankruptcy cases, which enabled him to resolve the disputed claims without further costly litigation, and to monitor the case without unnecessary expense.

During the period covered by this Fee Application, Applicant's billing rate as Plan Administrator was $600 per hour.

## IV CONCLUSION AND PRAYER

1. In providing the foregoing services, the Applicant expended 55.5 hours for which it believes that the sum of $33,300 would represent reasonable compensation, calculated on the basis of the hours and hourly rates as indicated herein and in the time sheets submitted herewith.

2. In providing the foregoing services, Applicant incurred no expenses.

WHEREFORE, the Firm prays that the Court make and enter its Order:

1. Determining that, under the circumstances, parties in interest have received adequate notice and an opportunity to be heard;

2. Approving and allowing as final compensation the amounts requested in the foregoing Application consisting of compensation in the amount of $33,300;

3. Ratifying the Reorganized Debtor's prior payment of such compensation; and

4. Granting such other and further relief as may be just and proper.

Respectfully submitted,

DATED: May __, 2025

Michael D. Cooper
Plan Administrator for the Debtor