Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
236 West Portal Avenue, Suite 305
San Francisco, California 94127
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re<br><br>BIJOU-CENTURY, LLC<br><br>Debtor | Case No. 22-30126 HLB<br><br>Chapter 11<br><br>DATE: October 9, 2025<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Hannah L. Blumenstiel |

# MOTION TO CONCLUDE CASE

The Motion to Conclude Case of Bijou-Century, LLC (the "Debtor" or "Bijou-Century"), Reorganized Debtor, seeking an Order (a) approving a final distribution to unsecured creditors; (b) determining that performance under the confirmed Plan of Reorganization has satisfactorily been completed; (c) discharging the Plan Administrator and the Reorganized Debtor from any further duties in this case; and (d) entering a final decree and closing the case, respectfully represents as follows:

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

The legal bases for the relief requested herein are sections 105, 350, 1191 and 1192 of the Bankruptcy Code and Bankruptcy Rules 2002, 3022 and 5009.

## II. RELIEF REQUESTED

The Debtor requests that the Court (a) approve the distribution of a first and final dividend to creditors; (b) determine that upon distribution of that dividend, the Debtor will have completed its performance under the confirmed Plan of Reorganization; (c) discharge the Plan Administrator and Reorganized Debtor from any further duties herein; and (d) issue its final decree closing the case.

## III. FACTUAL BACKGROUND

1. On March 13, 2022, Bijou-Century filed a Voluntary Petition for Relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. The Debtor operates a "gentleman's club" known as "The New Century Theater" located in the Tenderloin neighborhood of San Francisco (the "Century"). Bijou-Century is among a group of local gentlemen's clubs which are specifically licensed and zoned to present lawful nude and semi-nude dance performances ("Dances"), and the fees customers pay for such Dances constitute a significant source of revenues.

3. The Century's business was severely damaged by the Pandemic and the resulting collapse of the San Francisco convention industry.

4. As of the commencement of its Chapter 11 case, Bijou-Century was the subject of several pending lawsuits and was entirely unable to support its litigation expenses, its past litigation settlements and its potential prospective litigation exposure.

5. Bijou-Century prosecuted a reorganization under Subchapter V. The Plan contemplated that the Court would establish a "Required Payment" and that operating profits for up to three years would be dedicated to paying Plan obligations up to the Required Payment, and if Plan obligations did not receive the Required Payment within three years, the Debtor could be liquidated.

6. The contested confirmation hearing was set for November 20, 2022. The Court determined that Bijou-Century's liquidation value was $472,940.43 and represented the Required Payment because there was no persuasive evidence that its projected operating profits over the ensuing three years would exceed that amount. See, Section 1191(c)(2).

7. Allowed general unsecured claims aggregated less than $1.5 million, while 4 disputed unsecured claims aggregated more than $13 million. Under the Plan, a Plan Administrator was appointed to liquidate the disputed unsecured claims through negotiation or litigation. The fees and costs of the Plan Administrator were the sole post-confirmation charge to be payable from the Required Payment.

8. Under the Plan, the Reorganized Debtor was to pay administrative and priority claims from post-confirmation operating profits as a credit against the Required Payment. As ultimately liquidated, administrative and priority claims, inclusive of the Plan Administrator's fees, aggregated $288,469.85. The balance of the Required Payment, amounting to $184,470.58, was to be paid to general unsecured creditors within 3 years of the Effective Date.

9. The Plan provided that, following payment of administrative and priority claims, the monthly bank balance in excess of $130,000 would be swept into the GUC Pot, and that performance of that requirement would be monitored by the Plan Administrator.

10. As a practical matter, there were two constraints on the funding of a dividend to general unsecured creditors. First, until the Plan Administrator liquidated the 4 disputed claims, any distribution would be heavily diluted by funding a disputed claim reserve. The last disputed claim was liquidated in May of 2025.

11. More significantly, the Plan was predicated on a restoration of business profitability, but San Francisco's conventions and tourism and the Debtor's business have all been slow to recover. In 2023 Bijou-Century's operations were no more than marginal and there were no operating profits. Thereafter profitability was restored but never became robust. It was only in August of 2025 that funds were generated to complete the final deposit of the Required Payment to the GUC Pot.

**12.** The balance of the Required Payment has now been funded to the GUC Pot. Upon the Court's approval, a first and final dividend will be distributed to general unsecured creditors, completing the Reorganized Debtor's Plan performance.

## IV. LEGAL AUTHORITY

### *A. The Court Should Approve Disbursements*

As part of concluding the case, the Reorganized Debtor asks that the Court rule on the Plan Administrator's final fee application and approve the distribution of the first and final dividend to unsecured creditors.

Article 7 of the Plan requires the Court to rule on the Plan Administrator's final fee application. Dkt #173; p. 3.

It is appropriate that the Court rule on the proposed dividend distribution. Many of the claims were the subject of litigation, although the Plan Administrator has negotiated resolutions of even the most intractable disputes. As with a Trustee's Final Account, the proposed dividend distribution has been provided to all creditors and parties in interest with an opportunity to object. In the absence of an objection, the Court should approve the proposed dividend distribution. Pursuant to Section 347(b) any funds represented by checks uncashed after 90 days shall become property of the Reorganized Debtor.

***B. The Court Should Rule that the Plan has been Satisfactorily Completed***

The Plan provided that the Reorganized Debtor would generate and pay the Required Payment in satisfaction of Plan obligations within three years of the Effective Date. The Reorganized Debtor's financial presentation of its satisfaction of the Plan requirements is presented in Exhibits A and B to the accompanying Marlin Declaration; its narrative presentation is in the text of the Marlin Declaration.

It is appropriate that the Court determine that the case has been fully administered and the requirements of the Plan have been met. Admittedly, the Debtor's entitlement to a discharge does not turn on that finding; Dkt #188, #189; compare Section 1192; but the propriety of closing the case and entering a final decree does turn on that finding.

***C. The Court Should Enter its Final Decree***

Section 350(a) of the Bankruptcy Code provides that: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Implementing the statute, Bankruptcy Rule 3022 provides that: "After the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."

The leading commentator explains:

> Section 350(a) requires the court to close a case after the estate is fully administered… The full administration of the estate…. should be accomplished as expeditiously as possible.

3 COLLIER ON BANKRUPTCY ¶ 350.02 (16th ed. 2025).

The Plan provided for the appointment of a Plan Administrator but terminated the engagement of the Subchapter V Trustee. The Court should therefore discharge the Plan Administrator and the Reorganized Debtor of all further duties in the case.

WHEREFORE, Applicant prays that the Court make and enter its Order substantially the form attached hereto:

1. Determining that, under the circumstances, creditors and parties in interest have received adequate notice and an opportunity to be heard;

2. Approving the distribution of a first and final dividend to creditors in the form and content provided;

3. Determine that upon distribution of that dividend, the Reorganized Debtor will have completed its performance under the confirmed Plan of Reorganization;

4. Discharging the Plan Administrator and Reorganized Debtor from any further duties herein;

5. Entering its final decree closing the case; and

6. Granting such other and further relief as may be just and proper.

Respectfully submitted,

DATED: September 17, 2022

ST. JAMES LAW, P.C.

By: /s/ *Michael St James* .
Michael St. James
Counsel for the Debtor-in-Possession

Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
236 West Portal Avenue, Suite 305
San Francisco, California 94127
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re<br><br>BIJOU-CENTURY, LLC<br><br>Debtor | Case No. 22-30126 HLB<br><br>Chapter 11<br><br>DATE: October 9, 2025<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Hannah L. Blumenstiel |

## ORDER GRANTING MOTION TO CONCLUDE CASE

The Motion to Conclude Case brought by Bijou-Century, LLC, Reorganized Debtor, duly came on for hearing on October 9, 2025. Appearances were as noted on the record. Upon consideration of the papers and pleadings filed herein, and good cause therefor appearing

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1. Under the circumstances, creditors and parties in interest have received adequate notice and an opportunity to be heard.

2. The Plan Administrator's Final Fee Application be, and it hereby is, approved.

DRAFT

3. The Reorganized Debtor's payments of (a) Allowed Chapter 11 administrative expenses, (b) the Plan Administrator's fees, and (c) priority claims in the aggregate amount of $290,085.44 be, and they hereby are, ratified.

4. The remaining payment required under the Plan of Reorganization is $182,854.99, which amount is payable to holders of allowed general unsecured claims. The attached Distribution Schedule be, and it hereby is, approved. Checks which are not cashed within 60 days of distribution may be cancelled and the funds retained by the Reorganized Debtor.

5. Upon filing a Certificate that $182,854.99 has been distributed consistent with the Distribution Schedule, the Reorganized Debtor shall have fully performed its obligations under the Plan and shall be discharged of all further duties.

6. The Court shall thereafter enter its Final Decree and close the above case.

* * * END OF ORDER * * *

DRAFT

# DISTRIBUTION SCHEDULE

| Allowed Claim | Distribution | Claimant and Address |
|---|---|---|
| $710,189.91 | $57,720.51 | Bank of America (PPP) Bryan Cave Leighton Paisner, LLP Two N Central Ave, Ste 2100, Attn: Kyle S Hirsch Phoenix, AZ 85004-4533 |
| $3,327.96 | $270.48 | Déjà Vu Services - 8252 East Lansing Road Durand, MI 48429 |
| $554.85 | $45.10 | GIG Computers Attn: Cindy Gese 7700 Calm Waters St. Las Vegas, NV 89131 |
| $255,432.58 | $20,760.22 | Gold Club SF - PO Box 2602 Seattle, WA 98111 |
| $15,150.00 | $1,231.31 | Hannah Hernandez - 638 Springfield Cir Roseville, CA 95678-7190 |
| $205.19 | $16.68 | IRS - Central Insolvency Section PO Box 7346 Philadelphia, PA 19101-7346 |
| $100,000.00 | $8,127.47 | Jane Doe - C/O The Simon Law Group, LLP 34 Hermosa Avenue Hermosa Beach, CA 90254-5009 |
| $56,246.10 | $4,571.39 | (Jenny Rhee) Gold Club SF - PO Box 2602 Seattle, WA 98111 |
| $150,000.00 | $12,191.21 | Kristine Schmid - C/O Duckworth & Peters LLP 369 Pine Street, Suite 410 San Francisco, CA 94104-3310 |
| $425,000.00 | $34,541.77 | Lapasia Colbert & Mackenzie Banks - Bracamontes & Vlasak 1901 Harrison Street Suite 1590 Oakland, CA 94612-3501 |
| $240,162.19 | $19,519.12 | Long & Levit - 465 California St, Suite 500 San Francisco, CA 94104 |
| $160.00 | $13.00 | Manegold Engineering - 272 Church Street Pawtucket |
| $60.48 | $4.92 | Orkin - PO Box 740300 Cincinnati, OH 45274 |
| $381.40 | $31.00 | Pacific Mobile Lock - 416 Vista Mar Avenue Pacifica, CA 94044 |
| $2,071.46 | $168.36 | PG&E - PO BOX 8329 Stockton, CA 95208-0329 |
| $50,000.00 | $4,063.74 | (Rebecca Coll) Gold Club SF - PO Box 2602 Seattle, WA 98111 |
| $467.80 | $38.02 | Recology - 250 Executive Park Blvd. Ste 2100 San Francisco, CA 94134-3306 |
| $5,526.23 | $449.14 | SAW Entertainment - 250 Columbus Ave Suite 207 San Francisco, CA 94133 |
| $183,300.00 | $14,897.66 | SFBSC Management - 250 Columbus Ave Suite 207 San Francisco, CA 94133 |
| $531.66 | $43.21 | SFPUC Water - 525 Golden Gate-2nd FL San Francisco, CA 94102-3220 |
| $2,261.34 | $183.79 | Shindel Rock - 28100 Cabot Drive, STE 102 Novi, MI 48377 |
| $3,365.10 | $273.50 | Social Security Administration - Attn: Cares Act 1100 West High Rise 6401 Security BLVD Baltimore, MD 21235-0001 |
| $555.18 | $45.12 | SonicNet - 2260 Apollo Way Santa Rosa, CA 95407 |
| $503.87 | $40.95 | Sysco SF - 5900 Stewart Ave Fremont, CA 94538-3147 |
| $809.90 | $65.82 | The Boon Group - 6300 Bridgepoint Parkway Building 3, Ste 500 Austin, TX 78730 |
| $38,400.00 | $3,120.95 | Tiffany Duque - 172 Creekview Dr. Vallejo, CA 94591-8539 |
| $52.58 | $4.27 | Yann Dalrymple - 510 Parker # 3 San Francisco, CA 94118 |
| $25,000.00 | $2,031.87 | Yogesh Narayanan - ADZ Law LLP 2000 Alameda De Las Pulgas, Suite 161 San Mateo, CA 94403-1270 |

DRAFT

### ***Court's Service List***

All persons entitled to notice of entry of this Order are ECF registered except: N/A

DRAFT